UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JULIAN MURPHY,<br>    Plaintiff,<br>v.<br>COUNTY OF MENDOCINO, et al.,<br>    Defendants. | Case No.  15-cv-04624-NJV<br><br>**ORDER ON MOTIONS TO DISMISS**<br>Re: Dkt. Nos. 16, 22 |

Plaintiff Julian Murphy, a minor, by and through Steven Murphy, the duly appointed Guardian of the person and estate of Julian Murphy, ("Plaintiff") filed this action against County of Mendocino, City of Fort Bragg, Officer McLaughlin, and Officer Brandon alleging nine causes of action for the custodial suicide of Plaintiff's father, Shane Allen Murphy ("Decedent"). Defendants have filed Motions to Dismiss (Docs. 16 & 22), to which Plaintiff has filed Responses (Docs. 21 & 27) in opposition. Defendants have also filed Replies (Docs. 26 & 28). For the reasons that follow the Motions to Dismiss are granted. Additionally, Plaintiff will be allowed an opportunity to file a first amended complaint.

**FACTS AS ALLEGED IN THE COMPLAINT**

The Complaint alleges that on October 8, 2014, Shane Allen Murphy died while in custody at the Mendocino County Adult Detention Facility, after having been arrested on October 6, 2014. Although not stated in the "General Allegations" section of the Complaint, in the "Parties" section of the Complaint, Plaintiff alleges that it was Officers McLaughlin and Brandon who arrested the Decedent. According to the Complaint, at the time of arrest, it was apparent to Defendants that the Decedent was suicidal and in need of medical care. Further, Plaintiff alleges that Decedent was

1  not provided with adequate medical and psychiatric care upon arrest and while in jail. Finally,
2  Plaintiff alleges that upon information and belief, the Decedent was found by other inmates
3  hanging by his neck in a holding cell.

## LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure is to test the legal sufficiency of the claims stated in the complaint. A motion to dismiss may be brought under Rule 12(b)(6) when the plaintiff fails to state a claim upon which relief can be granted.

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8 "does not require 'detailed factual allegations,'" a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 1955 (2007)). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Thus, in order to survive a motion to dismiss, the nonmoving party must allege facts that are "enough to raise a right to above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

Dismissal of a complaint can be based on either the lack of a cognizable legal theory or the lack of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

## DISCUSSION

### *Standing*

County of Mendocino moves to dismiss the First, Second, Third, Fourth, Fifth, Eighth, and Ninth Causes of action, challenging Plaintiff's standing to bring these claims. More specifically, County of Mendocino argues that:

2

> [a]ll causes of action in Plaintiff's Complaint are Direct Claims in that all are brought by Plaintiff in his individual capacity. However, there are no allegations in the Complaint that County Defendant had any contact with Plaintiff whatsoever. All the factual allegations pled in these causes of action relate to allegations related to [Decedent], not Plaintiff.

Mot. to Dismiss (Doc. 16) at 3. Plaintiff counters that the allegations contained in the "Complaint are sufficient to show that he has standing to assert a wrongful death claim . . . ," that Plaintiff's claims under § 1983 are based on the wrongful death of Plaintiff's father, and that "Plaintiff [] is the son of [Decedent] and a proper plaintiff under [California Civil Procedure Code] § 377.60." Resp. (Doc. 21) at 3-4.

It appears that Plaintiff is attempting to bring these claims through § 1983 as survival actions. To be clear, there is no "wrongful death" claim under § 1983. *Estate of Lopez ex rel. Lopez v. Torres*, 105 F. Supp. 3d 1148, 1159 (S.D. Cal. 2015) ("The confusion seems to be in that some courts (primarily in unpublished dispositions) have allowed claims for wrongful death under § 1983 to proceed . . . What is clear from these cases is that even if the claim was described in the pleadings as a wrongful death claim under section 1983, the courts only allowed such claims to be maintained if they were construed as Fourth Amendment excessive force claims."). However, a party may bring a claim on an "individual's behalf if the relevant state's law authorizes a survival action." *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998), as amended (Nov. 24, 1998). "The party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets that state's requirements for bringing a survival action." *Id*. Plaintiff has failed to establish that he is authorized to bring a survival claim on Decedent's behalf. Plaintiff's reliance on his status as Decedent's son and California Civil Procedure Code] § 377.60 is misplaced, because "section 377.60 relates to wrongful death actions that are based on personal injuries resulting from the death of another, not survival actions that are based on injuries incurred by the decedent." *Hayes v. Cty. of San Diego*, 736 F.3d 1223, 1229 (9th Cir. 2013).[1] The United States Court of Appeals

---

[1] Citing Cal. Civ. Proc. Code § 377.60 ("A cause of action for the death of a person caused by the wrongful act or neglect of another may be asserted by any of the following persons . . ."); *Schwarder v. United States*, 974 F.2d 1118, 1123 n. 3 (9th Cir. 1992) ("[T]he cause of action granted by Section 377 to the heirs and personal representatives of a decedent is not derivative in character or a continuation or revival of a cause of action existing in the decedent before his death, but is an original and distinct cause of

for the Ninth Circuit specifically rejected a district court's reliance on § 377.60 to establish standing for a daughter to bring § 1983 claims as a result of her father's death. As the court explained:

> California's statutory requirements for standing to bring a survival action are stated under California Code of Civil Procedure § 377.30: "A cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest ..., and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest." *See also Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1093 n. 2 (9th Cir. 2006) ("Where there is no personal representative for the estate, the decedent's 'successor in interest' may prosecute the survival action if the person purporting to act as successor in interest satisfies the requirements of California law....") (citing Cal. Civ. Proc. Code §§ 377.30, 377.32). While claiming she is the decedent's "sole surviving heir," Appellant fails to allege that she is her father's personal representative or successor in interest. Indeed, Appellant argues only that standing is appropriate under section 377.60, not section 377.30. There is no indication whether Appellant has filed the affidavit necessary under California law to commence a survival action as a decedent's successor in interest, *see* Cal. Civ. Proc. Code § 377.32, . . .

*Hayes*, 736 F.3d at 1229. As with the minor daughter in *Hayes*, Plaintiff has failed to meet his burden to establish standing to assert survival claims under California law and through § 1983. Accordingly, Plaintiff's First, Second, Third, Fourth, Fifth, Eighth, and Ninth Causes of action are DISMISSED.

Further, as "[i]t is axiomatic that standing is a threshold issue that precedes consideration of any claim on the merits," *Cotton v. City of Eureka, Cal., No*. C 08-04386 SBA, 2010 WL 5154945, at *3 (N.D. Cal. Dec. 14, 2010), the court will not address Defendants other bases for dismissing these specific causes of action. Such arguments are only ripe for consideration if and when Plaintiff has established standing.

### *Sixth and Seventh Causes of Action*

Defendants move for dismissal of the Sixth Cause of Action on the basis that Plaintiff has failed to properly allege a *Monell* cause of action. "In *Monell v. New York City Dept. of Social*

---

action granted to the heirs and personal representatives of the decedent to recover damages sustained by them by reason of the wrongful death of the decedent.") (quoting *Van Sickel v. United States*, 285 F.2d 87, 90 (9th Cir. 1960)); *see also Davis v. Bender Shipbuilding & Repair Co.*, 27 F.3d 426, 429 (9th Cir. 1994) ("In a survival action, a decedent's estate may recover damages on behalf of the decedent for injuries that the decedent has sustained. In a wrongful death action, by comparison, the decedent's dependents may only pursue claims for personal injuries they have suffered as a result of a wrongful death.").

*Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), [the Supreme] Court held that civil rights plaintiffs suing a municipal entity under 42 U.S.C. § 1983 must show that their injury was caused by a municipal policy or custom." *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 30-31 (2010). This is because there is no respondeat superior liability under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

Plaintiff's Sixth Cause of Action fails to identify or allege that his injury was caused by a municipal policy or custom, or even the lack of a policy or custom. Accordingly, the requests to dismiss the Sixth Cause of Action against County of Mendocino and City of Fort Bragg for failure to state a claim are granted.

As to the individual Officer Defendants, this cause of action alleges a loss of familial relations. "It is well established that a parent has a fundamental liberty interest in the companionship and society of his or her child and that the state's interference with that liberty interest without due process of law is remediable under 42 U.S.C. § 1983." *Crowe v. Cnty. of San Diego*, 608 F.3d 406, 441 (9th Cir. 2010) (internal quotations omitted). "To amount to a violation of substantive due process, however, the harmful conduct must 'shock the conscience' or 'offend the community's sense of fair play and decency.'" *Rosenbaum v. Washoe Cnty.*, 663 F.3d 1071, 1079 (9th Cir. 2011) (quoting *Rochin v. California*, 342 U.S. 165, 172–73 (1952)). "Mere negligence or lack of due care by state officials in the conduct of their duties does not trigger the substantive due process protections of the Fourteenth Amendment and therefore does not state a claim under section 1983." *Woodrum v. Woodward Cty., Okl.*, 866 F.2d 1121, 1126 (9th Cir. 1989). As Officer Defendants point out, the only allegations made against them in the Complaint are that they arrested Decedent and that it was apparent to them at the time of the arrest that Decedent was suicidal. There are simply insufficient allegations against the individual Officer Defendants to sustain a claim that violated substantive due process through harmful conduct that shocked the conscience or offend the community's sense of fair play and decency. *See e.g. County of Sacramento v. Lewis,* 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). Accordingly, the requests to dismiss the Sixth Cause of Action against the individual Officer Defendants for failure to state a claim are granted.

Finally, as to the Seventh Cause of Action, the state-law claim of wrongful death, because the court has dismissed all of Plaintiff's federal causes of action, the court will decline supplemental jurisdiction of this claim. A federal court may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A court may decline to exercise supplemental jurisdiction, however, where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In considering whether to retain supplemental jurisdiction, a court should consider factors such as "economy, convenience, fairness, and comity." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (internal quotation marks omitted); *Roy v. Contra Costa Cnty., et al.*, No. 15-CV-02672-TEH, 2015 WL 5698743, at *9 (N.D. Cal. Sept. 29, 2015). "Comity and precedent in this circuit strongly disfavors exercising supplemental jurisdiction. 'The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.' " *Heatherly v. Malika*, No. C-11-04125 DMR, 2013 WL 5754106, at *2 (N.D. Cal. Oct. 23, 2013) (quoting *Acri*, 114 F.3d at 1001). Accordingly, the court DECLINES to exercise supplemental jurisdiction over the Seventh Cause of Action. Should Plaintiff, through amendment, establish federal claims, the court will address Defendants' arguments if Defendants re-raise them in a subsequent motion.

## CONCLUSION

For the reasons stated above, it is ORDERED that the Motions to Dismiss (Docs. 16 & 22) are GRANTED. Plaintiff shall have until on or before March 22, 2016 in which to file a first amended complaint. Failure to timely file an amended complaint will result in the court entering judgment in Defendants' favor.

**IT IS SO ORDERED**.

Dated: March 1, 2016

_____
NANDOR J. VADAS
United States Magistrate Judge