UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JULIAN MURPHY,<br>   Plaintiff,<br>  v.<br>COUNTY OF MENDOCINO, et al.,<br>   Defendants. | Case No. 15-cv-04624-NJV<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. No. 39 |

Plaintiff Julian Murphy, a minor, by and through Steven Murphy, the duly appointed Guardian of the person and estate of Julian Murphy, ("Plaintiff") filed his First Amended Complaint ("FAC") against County of Mendocino ("County"), City of Fort Bragg, Officers McLaughlin and Brandon, California Forensic Medical Group ("CFMG") and Dr. Taylor Fithian, alleging ten causes of action for the custodial suicide of Plaintiff's father, Shane Allen Murphy ("Shane Murphy"). (Doc. 31) Subsequently, Plaintiff voluntarily dismissed Defendants City of Fort Bragg and Officers McLaughlin and Brandon. (Doc. 36). CFMG have answered the FAC, while the County filed a Motion to Dismiss (Doc. 39). Pursuant to Civil Local Rule 7-1(b), the court took the matter under submission and for the reasons that follow the Motion to Dismiss is granted in part and denied in part. In addition, Plaintiff will be allowed amendment.

## LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure is to test the legal sufficiency of the claims stated in the complaint. A motion to dismiss may be brought under Rule 12(b)(6) when the plaintiff fails to state a claim upon which relief can be granted.

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8 "does not require 'detailed factual allegations,'" a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 1955 (2007)). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Thus, in order to survive a motion to dismiss, the nonmoving party must allege facts that are "enough to raise a right to above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

Dismissal of a complaint can be based on either the lack of a cognizable legal theory or the lack of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

## DISCUSSION

### *Legal framework for §1983 Claims against the County*

Plaintiff's first six causes of action are his federal causes of action and are brought pursuant to 42 U.S.C. § 1983. Thus, as to the County, the court analyzes Plaintiff's claims pursuant to *Monell*. "In *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), [the Supreme] Court held that civil rights plaintiffs suing a municipal entity under 42 U.S.C. § 1983 must show that their injury was caused by a municipal policy or custom." *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 30-31 (2010). This is because there is no respondeat superior liability under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

### *The First, Fifth and Sixth Causes of Action*

This first cause of action is titled as a claim for failure to provide medical care under § 1983. The fifth cause of action is titled as "Violation of Decedent's Right to Personal Safety."

2

United States District Court
Northern District of California

The sixth cause of action is for the "Violation of Plaintiff's Rights to Enjoy Continued Family Relationships." None of these causes of action allege that Plaintiff's injury was "was caused by a municipal policy or custom." *Humphries*, 562 U.S. at 31. Thus, the first, fifth, and sixth causes of action against the County are dismissed.

### *The Second, Third, and Fourth Causes of Action*

As to the second, third, and fourth causes of action, the County asserts that the FAC is insufficient to state a *Monell* claim because "because Plaintiff merely alleges that a policy existed and alleges that the policy was the moving force behind [Shane] Murphy's death." Def.'s Mot. (Doc. 39) at 10. Further, the County argues that "Plaintiff does not explain the nexus between each alleged policy and Murphy's death." *Id*. The County makes broad accusations regarding the generality of Plaintiff's allegations, but only specifically challenges two portions of the FAC here.

First, the County points the court to the fourth cause of action wherein Plaintiff alleges that "defendants maintained a policy, custom, or practice of failing to ensure that lifesaving equipment was available, maintained, and in good working order," and argues that "there is not a single allegation in Plaintiff's FAC related that would connect this alleged policy with [Shane] Murphy's death." *Id*. Indeed, the first time lifesaving equipment is mentioned in the FAC is within the first cause of action. The next mention of the life-saving equipment occurs here in the fourth. Nowhere within the FAC does it allege that the maintenance of lifesaving equipment has anything to do with Shane Murphy's death.

Second, the County points to the allegations in the third cause of action and states that "Plaintiff makes allegations regarding policies of understaffing and states that these policies were the moving force behind the alleged constitutional violations. However, then Plaintiff goes on to make other allegations of Defendants' failures but does not connect those allegations to the policies." *Id*. at 11. The court does not agree. Plaintiff's claims in the third cause of action are for failure to train. The "understaffing" to which the FAC refers is to "sufficiently trained personnel." FAC (Doc. 31) at 14. While maybe not artfully worded, it is clear that this is a failure to train claim, and not a claim for a policy of understaffing.

Outside of these two specific arguments, the County argues generally that the facts alleged

in the FAC are not sufficient to survive a motion to dismiss because the FAC does not allege that a County policy "was the moving force behind the alleged violations of [Shane] Murphy's rights." Defs.' Mot. (Doc. 39) at 10.  The County argues that "Plaintiff does not make specific allegation of government official(s) violating his constitutional rights that are connected to his allegations of policies." and because it is "unclear whether Plaintiff is alleging that Defendants have formal policies or Plaintiff is trying to show that Defendants have informal policies." *Id*. at 11.  Plaintiff counters that the County asserts too high a burden and that he must be allowed discovery to pursue his claims.

"The Ninth Circuit has made clear that claims of *Monell* liability must now comply with the basic principles set forth in *Twombly* and *Iqbal*: (1) the complaint 'may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively;' and (2) the 'factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.'" *La v. San Mateo Cty. Transit Dist*., No. 14-CV-01768-WHO, 2014 WL 4632224, at *7 (N.D. Cal. Sept. 16, 2014) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)); see also *A.E. ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636–37 (9th Cir. 2012).

> In *A.E. ex rel. Hernandez v. County of Tulare*, the Ninth Circuit considered a *Monell* claim brought by a minor who had been sexually abused while in foster care. 666 F.3d at 634–35. He alleged the county was liable under *Monell* because it "performed all acts and omissions . . . under the ordinances, regulations, customs, and practices of [the county]" and "maintained or permitted an official policy, custom, or practice of knowingly permitting the occurrence of the type of wrongs" alleged elsewhere in the complaint. *Id*. at 637.  The court concluded these allegations were insufficient to state a claim, although it directed the district court to allow the plaintiffs leave to amend. *Id*. at 637–38.

*San Mateo Cty. Transit Dist.,* 2014 WL 4632224, at *7.  Thus, Plaintiff must identify "specific policies or customs in his FAC." *Anakin v. Contra Costa Reg'l Med. Ctr.*, No. 16-CV-00161-MEJ, 2016 WL 2893257, at *4 (N.D. Cal. May 18, 2016).  "'While the Court recognizes the inherent difficulty of identifying specific policies absent access to discovery, that is nonetheless the burden of plaintiffs in federal court.'" *Id*. (quoting *Roy v. Contra Costa Cty*., No. 15-CV-

4

54119-TEH, 2016 WL 54119, at *4 (N.D. Cal. Jan. 5, 2016)).

As to the second cause of action, Plaintiff identifies the specific policy of the understaffing of properly trained supervisory staff. Plaintiff alleges that this policy is a moving force behind Shane Murphy's injury, but does not sufficiently allege facts as to how the "policy, practice, or custom caused the violation of his rights." *Tien Van Nguyen v. City of Union City*, No. C-13-01753-DMR, 2013 WL 3014136, at *8 (N.D. Cal. June 17, 2013).

As to the third cause of action, Plaintiff alleges a policy of failing to properly train custody staff. "A plaintiff alleging a failure to train claim must show: (1) he was deprived of a constitutional right, (2) the municipality had a training policy that 'amounts to deliberate indifference to the [constitutional] rights of the persons with whom [its police officers] are likely to come into contact;' and (3) his constitutional injury would have been avoided had the municipality properly trained those officers." *Dasovich v. Contra Costa Cty. Sheriff Dep't*, No. 14-CV-00258-MEJ, 2014 WL 4652118, at *4 (N.D. Cal. Sept. 17, 2014) (quoting *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007)). "A municipality is 'deliberately indifferent' when the need for more or different action, 'is so obvious, and the inadequacy [of the current procedure] so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need.'" *Id*. (quoting *City of Canton, Ohio v. Harris,* 489 U.S. 378, 390 (1989). Here, as in *Dashovich* and *Anakin,* Plaintiff has identified the specific training, or lack of training, and has alleged that the lack of proper training led to the injury. In paragraph 46 of the FAC, Plaintiff alleges deliberate indifference "to the deteriorating conditions at the jail due to an increasing number of jail suicides and other mental health related injuries and fatalities within the last 5 years." FAC (Doc. 31) at 10. The court finds the allegations sufficient to provide the County fair notice to enable them to defend against the claims.

As to the fourth cause of action, Plaintiff identifies the policies of understaffing properly trained and supervised medical staff, and denying access to medical care. However, Plaintiff does not identify any specific County policies and does not allege how these policies resulted in injury. Plaintiff merely makes conclusory allegations, in violation of the pleading principles identified in

*A.E.*

Accordingly, the requests to dismiss the second and fourth causes of action are granted and the request to dismiss the third cause of action is denied.

### *Fourteenth Amendment*

County Defendant also moves to dismiss the first six causes of action on the basis that Plaintiff has failed to plead Fourteenth Amendment violations. Essentially, the County alleges that the facts do not show deliberate indifference on the part of the County and that mere negligence is insufficient. At this point, only the third cause of action remains and it alleges a policy of failure to train. As discussed above, failure to train may indeed amount to deliberate indifference. *See Blankenhorn*, 485 F.3d at 484. Thus, Plaintiff is not required to allege that "acts attributed to Defendants rose above mere negligence or lack of care" as the County suggests. The claim against the County is for its policy and the harm it committed. Accordingly this basis for dismissal is denied.

### *The Eighth Cause of Action*

Next the County asserts that the state law claims of negligent hiring, training, and supervision contained in the eighth cause of action are due to be dismissed because the FAC does not identify a statutory basis for the claims and because Plaintiff has not properly pled a claim for vicarious liability. Plaintiff argues in his Response that the County is vicariously liable under Cal. Gov't Code § 815.2(a) for the acts of its employees, or under § 815.4 for the acts of other Defendants who were independent contractors of the County.

"All government tort liability must be based on statute" and "§ 815.2(a) "expressly makes the doctrine of *respondeat superior* applicable to public employers." *Hoff v. Vacaville Unified Sch. Dist.*, 19 Cal.4th 925, 932 (1998).

> The California Supreme Court has explained the framework as follows: Section 815 establishes that public entity tort liability is exclusively statutory: "Except as otherwise provided by statute: (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Section 815.2, in turn, provides . . . "(a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative. (b) Except as otherwise provided by

6

> statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." Finally, section 820 delineates the liability of public employees themselves: "(a) Except as otherwise provided by statute . . ., a public employee is liable for injury caused by his act or omission to the same extent as a private person. (b) The liability of a public employee . . . is subject to any defenses that would be available to the public employee if he were a private person." In other words, the general rule is that an employee of a public entity is liable for his torts to the same extent as a private person (§ 820, subd. (a)) and the public entity is vicariously liable for any injury which its employee causes (§ 815.2, subd. (a)) to the same extent as a private employer (§ 815, subd. (b)). *C.A. v. William S. Hart Union High Sch. Dist.*, 53 Cal.4th 861, 868 (2012) (some internal quotation marks and alterations omitted; paragraphing added).

*Karasek v. Regents of the Univ. of California*, No. 15-CV-03717-WHO, 2015 WL 8527338, at *19-20 (N.D. Cal. Dec. 11, 2015). This claim does not properly plead the actions of an employee of the County acting within the scope of his employment to assert vicarious liability. Instead, the claim is pled as a direct liability claim, in violation of the statute. Similarly, "Cal. Gov't Code § 815.4 only imposes liability for the acts of independent contractors to the same degree as a public entity would be liable for the acts of a public employee." *Resendiz v. Cty. of Monterey*, No. 14-CV-05495-LHK, 2015 WL 3988495, at *5 (N.D. Cal. June 30, 2015). Accordingly, the request to dismiss the eight cause of action against the County is granted.

### *Doe Defendants*

The County requests that the court dismiss all Doe Defendants because the allegations against them are non-specific and vague and almost never distinguished from the named Defendants. Plaintiff asserts that it is too early at this stage to dismiss the Doe Defendants as discovery has not yet occurred. Of course, if discovery had occurred in this matter there would be no need for Doe Defendants. The point the County is making is that because all of the causes of action in the FAC are pled against all Defendants equally, and because the standards for pleading these claims may vary based on the status of the Defendants,[1] having some level of particularity provides Defendants of some notice. On the other hand, because the court will allow amendment of the FAC, the court is confident that the allegations in the second amended complaint will provide context and clarity sufficient to cure the County's concerns. Accordingly the court will

---

[1] For example, as discussed above there are specific pleading requirements under *Monell* for claims against a public entity which do not apply to a private company such as CFMG.

not dismiss the Doe Defendants at this time.

### *The Ninth Cause of Action*

The County moves to dismiss the ninth cause of action, failure to summon medical care, by arguing that "[l]iability under section 845.6 is limited to serious and obvious medical conditions requiring immediate care. *Watson v. State*, 21 Cal. App. 4th 836 (1993)," and that "[i]t is unclear at what point during [Shane] Murphy's time at the [Mendocino County Jail] that Plaintiff alleges that Murphy was in need of immediate medical care and unclear how his alleged medical condition would have been obvious." Def.'s Mot. (Doc. 39) at 16. The County's arguments are well taken.

"Under California Government Code § 845.6, public entities and public employees are generally not 'liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his [or her] custody.'" *Resendiz v. Cty. of Monterey*, No. 14-CV-05495-LHK, 2015 WL 7075694, at *8 (N.D. Cal. Nov. 13, 2015) (quoting Cal. Gov't Code § 845.6). "Public entities and public employees are liable for injuries proximately caused to prisoners where: (1) 'the employee is acting within the scope of his [or her] employment,' (2) 'the employee knows or has reason to know that the prisoner is in need of immediate medical care,' and (3) 'he [or she] fails to take reasonable action to summon such medical care.'" *Id*. Thus, Plaintiff "must allege facts showing that 'a public employee, acting within the scope of his or her employment, failed to take reasonable action to summon medical care.'" *Id*. The ninth cause of action makes no such allegation. Moreover, the other facts set forth in the FAC, which revolve around Shane Murphy's suicide, do not indicate a set of circumstances that would set forth a claim for failure to summon medical care against the County, especially where "[t]he provision of § 845.6 upon which Plaintiff relies makes exceptions for failure to diagnose and/or medicate a mental illness (Cal. Gov't Code § 855.8) and for [failure] to confine a person for mental illness (Cal. Gov't Code § 856)." *Cabral v. Cty. of Glenn*, 624 F. Supp. 2d 1184, 1195 (E.D. Cal. 2009). Accordingly, the request to dismiss the ninth cause of action is granted.

### *Tort Claims Act*

Here the County argues that the eighth and ninth causes of action are due to be dismissed

because Plaintiff has failed to comply with the filing requirements under the Tort Claims Act. Plaintiff argues that:

> In *Castaneda[ v. Dep't of Corr. & Rehab.*, 21 2 Cal. App. 4th 1051, 1060 (2013)], an action was brought against the California Department of Corrections and Rehabilitation ("CDCR") by the heir of a former prisoner who had died of cancer after being released from CDCR custody. The government claim and lawsuit in Castaneda were filed by the decedent before his death for his injuries. When he died, the lawsuit was amended to maintain the action as a survivor action and add a wrongful death cause of action brought by the deceased's daughter. However, no government claim was filed by the daughter for the wrongful death action. The Court found that the daughter could not substitute the tort claim filed by the decedent for his injuries for her own wrongful death claim, and thus could not maintain a cause of action for wrongful death. *Id*. at 1063.
>
> In the present action, the opposite is true. The tort claim filed by Plaintiff in this action was filed on his behalf only, and not as a survivor."

Def.'s Mot. (Doc. 39) at 12.

First, the court notes that it has now dismissed both of these claims. Second, the court disagrees with the County's analysis of Plaintiff's claims. Both causes of action, while based on facts surrounding the injuries to Shane Murphy, are brought in terms of injuries to the Plaintiff. Accordingly the request to dismiss the eighth and ninth causes of action on this basis is denied.

### *The Tenth Cause of Action*

The County moves to dismiss this survival claim because the injuries alleged in the claim are Plaintiff's and not Shane Murphy's. Plaintiff suggests that this issue is curable by amendment. The court agrees. The request to dismiss the tenth cause of action is granted with leave to amend.

### *Standing*

Here the County argues that the allegations related to Plaintiff's own injuries contained within his survival actions under § 1983 should be dismissed or amended. Plaintiff asserts that the allegations are sufficient and that the request is appropriate for a later motion. This issue is nearly moot at this point where the court has dismissed most of Plaintiff's claims against the County but is allowing amendment. However, the third cause of action remains and is problematic. "[S]urvival actions [] are based on injuries incurred by the decedent." *Hayes v. Cty. of San Diego*, 736 F.3d 1223, 1229 (9th Cir. 2013). The third cause of action speaks in terms of violations of Plaintiff's constitutional rights, and the personal injury of Plaintiff. These errors are easily curable

1   upon amendment. Accordingly, the request to dismiss the survival actions under § 1983 are
2   granted.

### CONCLUSION

For the above stated reasons, it is ORDERED that the Motion to Dismiss is granted in part and denied in part. Plaintiff shall have until on or before July 19, 2016 in which to file a second amended complaint.

At this juncture, it appears to the court that at least some of Plaintiff's claims against the County will survive and proceed toward discovery. The court would strongly encourage the parties to meet and confer regarding the second amended complaint to avoid further costly and time consuming motions.

**IT IS SO ORDERED**.

Dated: June 29, 2016

NANDOR J. VADAS
United States Magistrate Judge